IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KEON PENDLETON,

                Petitioner,                     OPINION AND ORDER

    v.

                                       17-cv-434-wmc

LOUIS WILLIAMS,

                Respondent.

Petitioner Keon Pendleton, a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks post-conviction relief pursuant to 28 U.S.C. § 2241. On November 9, 2006, Pendleton entered a guilty plea in the Southern District of Illinois to one count of conspiracy to distribute 50 grams or more of crack cocaine. *See United States v. Pendleton*, No. 06-cr-40029-JPG (S.D. Ill. Nov. 9, 2006). On March 6, 2007, Pendleton was sentenced as a career offender to 262 months of imprisonment, followed by ten years of supervised release. According to the government's response to Pendleton's motion to vacate that he brought in that court, the presentence investigation report ("PSR") determined that Pendleton was a career offender based on two prior Illinois aggravated battery convictions. *See Pendleton v. United States*, 16-cv-136, dkt. #12, at 2-3 (S.D. Ill. Jan. 17, 2017). In his petition before this court, Pendleton seeks relief on the basis that the career offender enhancement was improper in light of the Supreme Court's decision in *United States v. Mathis*, 136 S. Ct. 2243 (2016). In particular, he claims that his Illinois aggravated battery conviction charged under the "physical contact of an insulting or provoking nature" prong of that statute did not qualify as a violent felony. However, because Pendleton is not entitled to challenge his guidelines

enhancement through post-conviction relief, his petition will be denied.

OPINION

In *Mathis*, the Supreme Court held that a prior conviction counts as a predicate crime under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), only "if its elements are the same as, or narrower than, those of the generic offense." *Id.* at 2248. In Pendleton's view, his Illinois aggravated battery conviction is not a qualifying conviction because the Illinois statute is broader than the generic offense.

However, petitioner's claims are foreclosed by circuit precedent. In *Hawkins v. United States*, 724 F.3d 915, 916 (7th Cir. 2013), the court of appeals reaffirmed its previous holding in *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), that "an error in calculating a defendant"s guidelines sentencing range does not justify post conviction relief unless the defendant [was] sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *See also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) (recognizing that *Hawkins* is "the law of this circuit"). The Seventh Circuit recently reaffirmed these holdings in *Hanson v. United States*, -- F.3d --, 2019 WL 5406665, at *3 (7th Cir. Oct. 22, 2019), finding that *Hawkins* and *Coleman* foreclosed relief in a *Mathis* challenge brought under 28 U.S.C. § 2255, since the sentence was imposed based on advisory Guidelines, not mandatory Guidelines or statutory minimums. In this case, petitioner is challenging the sentencing court's application of the sentencing guidelines, but he was sentenced in 2006, after the Supreme Court held that the guidelines are advisory in *United States v. Booker*, 543 U.S. 220 (2005). While petitioner may argue that his sentence was imposed so soon after *Booker*

that his sentence suffered from a misapplication of *Booker*, the Seventh Circuit has rejected similar arguments. *Perry v. United States*, 877 F.3d 751, (7th Cir. 2017) ("Once the Supreme Court declared the guidelines advisory, they remained advisory notwithstanding some erroneous applications in the district and circuit courts."). Thus, *Hawkins* applies and petitioner cannot rely on *Mathis* or any other change in the law to challenge his status as a career offender in a post-conviction proceeding.[1]

Although *Hawkins* involved a motion under 28 U.S.C. § 2255 rather than a petition under 28 U.S.C. § 2241, that is not a basis for distinguishing it. As noted above, the court of appeal's ruling is not limited to § 2255 motions, but applies to all "postconviction relief." Further, the court reasoned in *Hawkins* that a prisoner could not challenge a sentencing guideline error in a § 2255 motion because such an error was not a "miscarriage of justice" in light of the fact that the guidelines do not affect the statutory maximum, so the sentencing court would be entitled to impose the same sentence even if the case were remanded. *Hawkins*, 706 F.3d at 825. Because a petitioner seeking relief under § 2241 must also show that denying relief would result in a "miscarriage of justice," *e.g.*, *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012), the reasoning in *Hawkins* applies equally to a § 2241 petition.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to

---

[1] The court notes that, but for *Hawkins*, it appears that Pendleton might be entitled to relief. Indeed, in response to Pendleton's § 2255 motion, the government conceded that one of his Illinois aggravated battery convictions, brought under the "physical conduct of an insulting or provoking nature" prong of the Illinois statute, would not qualify as a predicate crime of violence for career offender purposes. *See Pendleton*, 16-cv-136-JPG, dkt. #12, at 24; *see also United States v. Evans*, 576 F.3d 766, 767-68 (7th Cir. 2009) (Illinois' aggravated battery statute does not constitute a "crime of violence" within the meaning of U.S.S.G. § 4B1.2(a)).

cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Since the *Hanson* decision removes any doubt as to whether petitioner is entitled to seek post-conviction relief, the court will not issue a certificate of appealability.

ORDER

IT IS ORDERED that:

(1) Petitioner Keon Pendleton's application under 28 U.S.C. § 2241 is DENIED.

(2) A certificate of appealability will not issue.

Entered this 1st day of November, 2019.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge